UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO RAFAEL ALBERTO RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MESA VERDE ICE PROCESSING FACILITY,<br><br>Respondents. | No. 1:26-cv-09402-DJC-AC<br><br><u>ORDER</u><br><br>A# 209-851-142 |

Petitioner is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. The Court has previously addressed the legal issues raised in the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD; *see also M.B. v. Noem*, 1:26-cv-00005-DJC-AC; *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC.

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and order Petitioner's release based on the violation of Petitioner's due process rights. (ECF No. 6.) Respondents have conceded that binding precedent establishes a statutory right

to a bond hearing. (ECF No. 7.) But Respondent's prior release of Petitioner also creates a liberty interest under the Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing.[1]

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Narciso Rafael Alberto Ramirez a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

If the Petitioner requests additional time before the immigration judge, the time for the Respondents to comply with the bond hearing order is automatically extended. Any representation by the Petitioner in immigration court that the Petitioner is not prepared to go forward with the bond hearing shall be treated as a request for a continuance, and not a withdrawal of the bond hearing request.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 20, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

[1] Respondents note that a bond hearing is scheduled for November 30, 2026. Nevertheless, the Court issues this order to ensure a constitutionally complaint hearing is provided.